United States District Court
Southern District of Texas
**ENTERED**
February 28, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| v. | § | Case No. 4:23-cr-00450 |
| | § | |
| Carl Channing Spence | § § | |

## ORDER SETTING DETENTION HEARING

On February 27, 2024, the Court received and filed a letter sent by Defendant Carl Channing Spence, requesting reconsideration of his detention pending trial.[1]  Dkt. 16.  The request was referred to the undersigned judge. As explained below, Defendant has not demonstrated that reconsideration is warranted.

The letter relies on Defendant's account of U.S. Magistrate Judge Sam Sheldon's stated reasons at the October 5, 2023 detention hearing.  According to the letter, Judge Sheldon had instructed Defendant to clear a "hold" pending in Chambers County and "come back here to receive your bond."  Dkt. 16 at 1. The letter asserts that the referenced "hold" stemmed from Defendant's failure to appear in a pending civil case, but that he was not properly served with notice in that case.  *Id.* at 2.  An unspecified individual allegedly contacted the

---

[1] The letter was addressed to the presiding U.S. District Judge, who has referred these issues to the undersigned judge.

Chambers County court and confirmed that no hold is in effect.  *See id.*

Notwithstanding Defendant's assertions, the Court has reviewed the recording of the October 5, 2023 detention hearing, as well as the detention order issued the same day, Dkt. 13.[2]  The record refutes Defendant's contention that clearing the "hold" merits his release.

At the detention hearing, Judge Sheldon explained that, even aside from the "obstacle" posed by the warrant in Chambers County, "we would need a third party, um, custodian and we would need a suit, suitable residence.  We don't have that in place so I wouldn't even give the Defendant a bond without those in place."  Judge Sheldon also granted the request by Defendant's counsel to reopen the detention issue if a suitable third-party custodian and residence could be found.

The foregoing directives are also reflected in the October 5, 2023 detention order.  *See* Dkt. 13.  As that order states, Defendant poses a risk of nonappearance that warrants his detention pending trial.  *See id.* at 2. Nowhere does the order reference the pending "hold" in Chambers County. Instead, consistent with Judge Sheldon's oral findings, the order states that Defendant must "find a suitable third-party custodian and suitable residence

---

[2] Ordinarily, a request for reconsideration of a detention order would be resolved by the judge who issued the order.  But Judge Sheldon is no longer on the bench.  The presiding U.S. District Judge has therefore requested that the undersigned resolve the issues.

before [the Court] could consider him for release on a bond." *Id.* at 3.  And because Defendant was "not presently able to find either a suitable third-party custodian or suitable residence," the Court ordered he be detained.  *See id.*

Defendant's letter does not address the concerns regarding his risk of non-appearance that led the Court to conclude his detention is warranted. *See* Dkt. 13.  Unless and until Defendant remedies those concerns by locating both an appropriate third-party custodian and a suitable residence, there is no basis for reopening the ruling on his detention.

It is therefore **ORDERED** that Defendant Carl Channing Spence's request to reopen or reconsider his detention (Dkt. 16) is **DENIED**.

Signed on February 28, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge